## GEORGE A. MITCHELL *vs.* ARUNDEL SMITH.

An appeal will not lie from an order of the county court consolidating one cause with another.

Such order may form a proper basis for an appeal after the termination of the suit, but no appeal will lie directly from it, because no right of the party is finally settled by it.

APPEAL from Prince Georges county court.

The cause of action in this case was the same as in the preceding, and the facts are also the same, except that in this

case the appeal was taken directly from the order of the court consolidating the causes.

The cause was argued before LE GRAND, C. J., ECCLESTON and MASON, J.

*Pratt* for the appellant, contended:—1st. That the consolidation was irregular, because there is no case in which a motion to consolidate was made prior to the act of 1825, ch. 167, and none since that time where such motion was made *by a plaintiff.* In England the power to consolidate has been exercised, but not in Maryland until the act of 1825, which for the first time conferred that power upon the courts. In all cases since that act the defendants have made the motion. He cited 1 *Tidd.,* 493, 494. 1 *Chitty's Rep.,* 210. *Ibid.,* 664. 1*st Strange.,* 420. 2 *Wilson,* 227. 3 *Chitty's Practice,* 643. 5 *H. & J.,* 436. 2nd. The judgment below was sufficiently final to sustain an appeal, and on this point he referred to 6 *H. & J.,* 302. 12 *G. & J.,* 456. 9 *G. & J.,* 429.

*Thos. F. Bowie* for the appellee: This motion was not made under the act of 1825, ch. 167, but under the common law practice. The power to consolidate causes belongs to courts of record under the common law, and has always been possessed and exercised by them. The act of 1825 is only declaratory of the common law, and renders that obligatory which was formerly discretionary. *Ev. Pr.,* 244, 245, shows what has been the Maryland practice. 3 *Chitty's Pr.,* 642, shows what the English practice is.

The court will compel the plaintiff to consolidate, and surely they will exercise the power when he suggests that he is willing to have the causes consolidated.

This is a power inherent in the courts and necessary for the purposes of justice, 1 *Tidd.,* 663.

2nd. This is a power resting exclusively in the sound discretion of the courts, and no appeal will lie from an order exercising it. 24*th Pick.,* 68. 17 *Pick.,* 263. 10 *Pick.,* 16.

18 *Pick.*, 29.   7 *Gill*, 237.   The court may order a consolidation without motion.   *Tidd.*, 1232.   2 *Steph. N. P.*, 1449.

*Causin* for the appellant in reply.   As to the right of appeal the general doctrine is, that where there has been any order passed materially affecting the rights of a party, an appeal will lie.   If this power of consolidation is discretionary, it is a sound discretion committed to the court, to a proper exercise of which a party is always entitled.   It is not an arbitrary and unlimited discretion, but one that must be exercised soundly, and one that can be revised by this court.

It was material that the cases should stand separate, because one party when tried would become a witness for the other.   A party has the right to sever, 4 *H. & J.*, 436.   Here the parties were separated by the proceedings : the one was taken and the other returned *non est*, and from that time a separate action proceeded against each.

The motion to consolidate was made expressly under the act of 1825.   An appeal will lie from any final judgment involving the rights of the parties, 6 *H. & J.*, 302.   12 *G. & J.*, 456.   9 *G. & J.*, 429.   Here the order of consolidation was final because it was an end of the case.

The ground on which cases are consolidated is, that unnecessary accumulation of costs by a vexatious plaintiff will be thereby prevented.   It prevents the plaintiff from dividing his actions, and is a rule essentially for the protection of defendants and not for plaintiffs.   No case exists, where a consolidation has taken place on motion of a plaintiff.   The English practice does not apply in Maryland.   *Evans' Pr.*, 245.

Even at common law there is no practice to show that plaintiffs may consolidate actions.   1 *Tidd.*, 663, '4.

The motion can be made only on the part of defendants. *Tidd.*, 493, 494.   3 *Chitty's Practice*, 642, 643.

MASON, J., delivered the opinion of this court.

The appeal in the present case was taken from an order of the county court, consolidating the same with another case,

35      v.2

against another party, but for the same, and a joint cause of action.

We do not deem it necessary to express any opinion upon the propriety or regularity of the consolidation in the present instance, for the reason, that we do not regard the question decided by the court below, as presented by the present record, as constituting a proper subject matter of appeal. The order, though it may have formed a proper basis for an appeal after the termination of the suit, if properly presented, yet as it now stands before us we do not so regard it, because no right of the party was finally settled by it.

For this reason the court order the appeal to be dismissed.

*Appeal dismissed.*